## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| The Closet Organizer, Inc. | ) | Case No. 19-11175 (LSS) |
| | ) | |
| Debtor. | ) | **RE: Docket No. 10** |
| | ) | Objection Deadline: July 22, 2019 |
| | ) | Hearing Date: August 1, 2019 at 2:30 p.m. |

### OBJECTION OF JEOFFREY L. BURTCH, INTERIM CHAPTER 7 TRUSTEE TO MOTION TO WITHDRAW AS COUNSEL TO DEBTOR

Jeoffrey L. Burtch, the Interim Chapter 7 Trustee of The Closet Organizer, Inc. objects to the Motion of Debtor's counsel to Withdraw as Counsel to Debtor and in support thereof, shows as follows:

1. Debtor, The Closet Organizer, Inc. ("Closet" or Debtor") through its counsel William F. Jaworski, Jr. ("Jaworski") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on May 24, 2019. That same day Mr. Jaworski also filed voluntary petitions for Stephen D. Browning and Michelle L. Browning, the Debtor's sole shareholders, Case 19-11174-LSS.

2. Upon information and belief, Closet operated a business for the installation of custom closets and owned numerous large pieces of equipment and woodworking tools.

3. A meeting of creditors under section 341 of the Bankruptcy Code was scheduled to occur on June 20, 2019. Debtor's counsel requested that the meeting of creditors be continued to July 8, 2019, due to counsel's vacation.

4. On July 1, 2019, Debtor's counsel filed the Motion to Withdraw indicating only that "a conflict has arisen that presents [sic] Counsel from effectively representing the corporation."

5. That same day, Debtor's counsel filed a Motion to Withdraw in the Brownings' personal bankruptcy citing "[t]he Debtors have separated and a conflict of interest now exists for the undersigned."

6. The Brownings are each 50% shareholders in Closet.

7. Upon information and belief, the Trustee understands that the Brownings each have orders of protection from abuse against the other.

8. Presumably as a result of the Motion to Withdraw, the Brownings did not appear at the 341 Meeting on July 8, 2019.

9. Under Delaware law, a corporation must be represented by counsel in a court proceeding. *Transpolymer Indus., Inc. v. Chapel Main Corp.*, 582 A.2d 936 (Del. 1990) (holding, "[w]hile a natural person may represent himself or herself in court even though he or she may not be an attorney licensed to practice, a corporation, being an artificial entity, can only act through its agents and, before a court only through an agent duly licensed to practice law.").

10. To date, no substitute counsel has entered an appearance for the Debtor and the Trustee believes that it is extremely unlikely that substitute counsel will enter an appearance for the Debtor.

11. The creditors of the Debtor are being hurt by the Trustee's inability to examine a representative of the Debtor under oath at a 341 Meeting concerning the assets and liabilities of the Debtor. The Debtor has not turned over its business records to the Trustee and the Trustee has reason to believe that the Debtor's schedules are inaccurate.

12. Because of the significant prejudice to creditors caused by this delay, the Trustee asks that the Court require Debtor's counsel to remain as counsel for Closets until the 341

meeting and the turnover of all business records to the Trustee, or that the Court dismiss this case.

13. Simultaneously with this Objection, the Trustee will file a Motion to Dismiss this Chapter 7 case.

WHEREFORE, the Trustee respectfully requests that the Court not grant the Motion to Withdraw.

Dated:  July 22, 2019  /s/ Jeoffrey L. Burtch
Jeoffrey L. Burtch
P.O. Box 549
Wilmington, DE 19899
302-472-7427
jburtch@burtchtrustee.com
   Chapter 7 Trustee