# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| The Closet Organizer, Inc. | ) | Case No. 19-11175 (LSS) |
| | ) | |
| Debtor. | ) | **Objection Deadline: August 8, 2019 at 4:00 pm** |
| | | **Hearing Date: August 15, 2019 at 2:30 pm** |

## TRUSTEE'S MOTION TO DISMISS DEBTOR'S CHAPTER 7 CASE UNDER § 707

Jeoffrey L. Burtch, chapter 7 interim trustee (the "Trustee") for the estate (the "Estate") of the above-captioned debtor (the "Debtor"), hereby moves this Court for an order dismissing the Debtor's Chapter 7 case pursuant to 11 U.S.C. § 707(a) (the "Motion"). In support of the Motion, the Trustee respectfully states:

### Jurisdiction, Core Nature, and Venue

1.  The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This Motion is a core matter pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

2.  On May 24, 2019, the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code.

3.  Upon information and belief, Closet operated a business for the installation of custom closets and owned numerous large pieces of equipment and woodworking tools.

4. On May 24, 2019, Stephen D. Browning and Michelle L. Browning, the Debtor's sole shareholders, filed a voluntary petition under Chapter 7 of the Bankruptcy Code, Case 19-11174-LSS.

5. The Brownings are each 50% shareholders in Closet.

6. A meeting of creditors under section 341 of the Bankruptcy Code was scheduled to occur on June 20, 2019. Debtor's counsel requested that the meeting of creditors be continued to July 8, 2019, due to counsel's vacation.

7. On July 1, 2019, Debtor's counsel filed the Motion to Withdraw indicating only that "a conflict has arisen that presents [sic] Counsel from effectively representing the corporation." [D.I. 10],

8. That same day, Debtor's counsel filed a Motion to Withdraw in the Brownings' personal bankruptcy citing "[t]he Debtors have separated and a conflict of interest now exists for the undersigned."

9. Upon information and belief, the Trustee understands that the Brownings each have orders of protection from abuse against the other.

10. Presumably as a result of the Motion to Withdraw, the Brownings did not appear at the 341 Meeting on July 8, 2019.

**Relief Requested and Basis Therefor**

11. Through this Motion, the Trustee seeks entry of an order, dismissing the Debtor's case.

12. Section 707(a) of the Bankruptcy Code allows the Court to dismiss a Chapter 7 case for cause, after notice and a hearing. Section 707(a) does not define cause, and only provides illustrative examples of what may constitute such cause.

13. Under Delaware law, a corporation must be represented by counsel in a court proceeding. *Transpolymer Indus., Inc. v. Chapel Main Corp.*, 582 A.2d 936 (Del. 1990) (holding, "[w]hile a natural person may represent himself or herself in court even though he or she may not be an attorney licensed to practice, a corporation, being an artificial entity, can only act through its agents and, before a court only through an agent duly licensed to practice law."). To date, no substitute counsel has entered an appearance for the Debtor and the Trustee believes that it is extremely unlikely that substitute counsel will enter an appearance for the Debtor as they are both 50% shareholders and have orders of protection from abuse against each other.

14. The creditors of the Debtor are being hurt by the Trustee's inability to examine a representative of the Debtor under oath at a 341 Meeting concerning the assets and liabilities of the Debtor. The Debtor has not turned over its business records to the Trustee and the Trustee has reason to believe that the Debtor's schedules are inaccurate.

15. Further, based upon the Trustee's investigation to date, there is <u>no</u> <u>insurance</u> on the property and administrative rent continues to accrue. The Trustee will file a Notice of Abandonment on the property in the Estate as it appears based on a UCC Search, there is no equity and the property is burdensome and of inconsequential value to the estate.

16. Because of the significant prejudice to creditors caused by this delay, and the lack of a corporation being represented by counsel, the Trustee would request that the Debtor's case be dismissed.

WHEREFORE, the Trustee respectfully requests that the Court enter the attached form of order granting the relief requested in the Motion and such other and further relief that this Court deems just and proper.

Dated:  July 22, 2019                    */s/ Jeoffrey L. Burtch*
                                          Jeoffrey L. Burtch
                                          P.O. Box 549
                                          Wilmington, DE 19899
                                          302-472-7427
                                          jburtch@burtchtrustee.com
                                             Chapter 7 Trustee